UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MORENO FLORES,<br><br>      Petitioner,<br><br>      v.<br><br>WARDEN OF THE DETENTION FACILITY, *et al.*,<br><br>      Respondents. | No.  1:26-cv-01119-KES-CDB (HC)<br><br>ORDER REQUIRING RESPONDENTS TO FILE A RESPONSE<br><br>ORDER SETTING BRIEFING SCHEDULE<br><br>**14-Day Deadline** |

Petitioner Jose Luis Moreno Flores ("Petitioner"), a federal immigration detainee proceeding pro se, initiated this action on February 9, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1).  Petitioner is in custody of Immigration and Customs Enforcement ("ICE") at the Mesa Verde Detention Facility, located in Bakersfield, California.  *Id.* ¶ 1.

**Preliminary Screening**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  *See* 28 U.S.C. § 2241.  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

Petitioner alleges he has been detained by ICE for over one month and 23 days without

1

being afforded a bond hearing in violation of Petitioner's constitutional and statutory rights. (Doc. 1 ¶¶ 2-4). According to his allegations, Petitioner is in the process of seeking asylum and has been in ICE custody since December 11, 2025. *Id.* ¶¶ 18, 19, 23. Petitioner alleges that on December 11, 2025, he was detained at the Intensive Supervision Appearance Program ("ISAP") office "because [he] received a message [] through the app." *Id.* ¶ 23. Petitioner asserts he had been wearing an ankle monitor since February 2025. On December 10, 2025, he was scheduled for a home visit from agents due to a health issue and pain. He left his home to "buy medication at Walgreens" near his residence and, minutes later, he received a call from the agent. He "begged her to wait." She responded "in a racist tone that she didn't have time." Petitioner headed back to his residence, noticed the officer, and entered his home. He "called her, but she didn't answer." He went outside and "the vehicle was gone." Petitioner alleges he committed no infractions for his entire time in the program and has no criminal record. He states that his health conditions are worsened by the difficult conditions of his detainment. *Id.*

Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." *Nadaraja v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

There is no information in the petition to establish whether Petitioner is the subject of a final order of removal. Accordingly, because Petitioner appears to challenge his immigration detention on statutory and constitutional grounds, the Court preliminarily concludes that Petitioner's petition is cognizable under 28 U.S.C. § 2241. In addition, because Petitioner was incarcerated at Mesa Verde Detention Facility at the time of filing, and that facility lies within the Eastern District of California, this Court has jurisdiction to proceed to the merits of the petition. *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) ("Federal courts have authority to grant writs of habeas corpus 'within their respective jurisdictions.'") (citing 28 U.S.C. § 2241); *see*, *e.g.*, *Doe v. Garland*, 109 F.4th 1188, 1197-99 (9th Cir. 2024) (holding that the Eastern District of California exercises

jurisdiction over core habeas corpus petitions filed by petitioners confined at a facility within this district).

**Conclusion and Order**

This Court has conducted a preliminary review of the petition. It is not clear from the face of the petition whether Petitioner is entitled to relief. Accordingly, pursuant to Habeas Rule 4, the Court HEREBY ORDERS:

1. Respondents SHALL FILE a response addressing the merits or seeking dismissal of the Petition within **14 days** of the date of service of this order. Respondents SHALL INCLUDE with the response any and all transcripts or other documents, including documents from Petitioner's A-File (such as notices to appear and orders relating to any release of Petitioner by DHS/ICE) relevant to the resolution of the issues presented in the petition. Habeas Rule 5.

2. Petitioner's TRAVERSE to any Answer or OPPOSITION to any Motion to Dismiss filed by Respondents is due on or before **14 days** from the date Respondents' filing.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(g). All provisions of Local Rule 110 are applicable to this Order.

IT IS SO ORDERED.

Dated:    **February 11, 2026**    _____

UNITED STATES MAGISTRATE JUDGE

3